# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

A.H., an individual,                                  :
                                                      :
      Plaintiff,            :   **Case No. 2:24-cv-3113**
                                                      :
    v.                            :   **Judge Algenon L. Marbley**
                                                      :
RED ROOF INNS, INC., *et al.*,          :   **Magistrate Judge Kimberly A. Jolson**
                                                      :
      Defendants.           :

## OPINION AND ORDER

This matter comes before this Court on Plaintiff A.H.'s Motion for Reconsideration. (ECF No. 48). A.H. seeks reconsideration of the Court's prior Opinion and Order dismissing her Child Abuse Victim's Rights Act claim as time-barred. (ECF No. 40). For the following reasons, Plaintiff's Motion is **GRANTED**.

## I.    BACKGROUND

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, and the Child Abuse Victim's Rights Act ("CAVRA"), 18 U.S.C. § 2255. Plaintiff A.H. is a Michigan resident who filed this suit on June 4, 2024, proceeding anonymously. (Compl., ECF No. 1). She alleges that she was trafficked for sex from July to September 2012, when she was fifteen years old, at two Michigan Red Roof Inns. (*Id.* ¶¶ 4, 20, 45, 50). On September 24, 2025, the Court partially granted Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC's motion seeking to dismiss A.H.'s CAVRA claims as being time-barred by the statute's six-year statute of limitations. *A.H. v. Red Roof Inns, Inc.*, 2025 WL 2721120, at *1–3 (S.D. Ohio Sept. 24, 2025) (Marbley, J.) (ECF No. 40). In doing so, the Court based its reasoning

1

on its prior decision in *E.C. v. Choice Hotels Int'l, Inc.*, 2024 WL 1142162 (S.D. Ohio Mar. 15, 2024) (Marbley, J.).

In *E.C.*, the plaintiff alleged that she was first trafficked at age seventeen in October 2009, meaning that "the latest point at which she was plausibly a minor was October 2010. *Id.* at *2. Concluding that her cause of action accrued that month at the latest, the Court determined that a six-year statute of limitations applied under the 2006 version of the statute, and thus reasoned that E.C.'s CAVRA claim was time-barred when it was brought in October 2022. *Id.*

Borrowing from *E.C.*'s analysis in that prior *A.H.* decision, the Court noted that Plaintiff A.H. alleged she was fifteen when her trafficking ended in September 2012. *A.H.*, 2025 WL 2721120, at *2. Concluding that the six-year statute of limitations in effect in 2012 applied in this case as it had in *E.C.*, the Court similarly determined that A.H.'s CAVRA claim was time-barred. *Id.* at *2–3.

On December 7, 2025, A.H. moved for reconsideration of the Court's decision dismissing her CAVRA claim. She argues that her claim never expired and thus, unlike E.C., never became time-barred, because Congressional revisions to CAVRA continually extended her limitations period while her claim could still be brought. (ECF No. 48 at 2–3, 5–6). Defendants opposed, arguing that the Court's prior reasoning stands: statutes of limitations cannot apply retroactively, CAVRA claims cannot accrue after a plaintiff reaches the age of majority, and thus a six-year statute of limitations period remains applicable. (ECF No. 51 at 1–2). A.H. timely replied, (ECF No. 57), and this motion is ripe for review.

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. Yet district courts possess inherent "authority and discretion to reconsider and

2

modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 952 (6th Cir. 2004); *see id.* at 959 (citing Fed. R. Civ. P. 54(b)). Indeed, "every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983).

While the district court has the authority to revisit prior matters, it will grant motions for reconsideration in limited circumstances. Generally, motions for reconsideration are "only warranted where there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Pegg v. Davis*, 2009 WL 5194436, at *1 (S.D. Ohio Dec. 22, 2009) (Marbley, J.).

### III. LAW AND ANALYSIS

This Court previously granted a motion for consideration, filed by the Defendants in related cases on the issue of joint and several liability, for clear error of law. *See In re Hotel TVPRA Litig.*, 2024 WL 4945135, at *2 (S.D. Ohio Dec. 3, 2024) (Marbley, J.). Now, the Court considers whether its application of CAVRA's statute of limitations constituted a clear error of law.

### A. CAVRA's Expanding Statute of Limitations

The statute of limitations in the Child Abuse Victim's Rights Act has undergone a series of changes in the past two decades. As the Court previously observed in a related TVPRA case, "Congress has repeatedly and deliberately chosen to expand the scope of liability for sex trafficking conduct." *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2025 WL 2696500, at *2 (S.D. Ohio Sept. 22, 2025) (Marbley, J.). These civil liability provisions "support[] antitrafficking government efforts by empowering and incentivizing victims to sue for trafficking violations irrespective of criminal prosecutions for those violations" while also "target[ing] the financial motivations and the infrastructure that allows trafficking organizations to thrive." *Id.*

A review of CAVRA's changes is instructive.  When A.H. was allegedly trafficked from July to September 2012, the first applicable statute of limitations provision of CAVRA was in effect.  Effective from July 27, 2006 until March 6, 2013, that provision read:

> **Statute of limitations.**—Any action commenced under this section shall be barred unless the complaint is filed within six years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability.

18 U.S.C. § 2255(b) (2006) (the "2006 Limitation").

Congress then revised CAVRA and its statute of limitations.  Effective beginning March 7, 2013, the second applicable statute of limitations provision read:

> **Statute of limitations.**—Any action commenced under this section shall be barred unless the complaint is filed within 10 years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability.

18 U.S.C. § 2255(b) (2013) (the "2013 Limitation").

Several years later, Congress again revised CAVRA and its statute of limitations.  Effective beginning February 14, 2018, the third applicable statute of limitations provision read:

> **Statute of limitations.**—Any action commenced under this section shall be barred unless the complaint is filed—
>
> > (1) not later than 10 years after the date on which the plaintiff reasonably discovers the later of—
> > > a)  the violation that forms the basis of the claim; or
> > > b)  the injury that forms the basis of the claim; or
> > (2) not later than 10 years after the date on which the victim reaches 18 years of age.

18 U.S.C. § 2255(b) (2018) (the "2018 Limitation").

Finally, effective beginning September 16, 2022, Congress got rid of CAVRA's statute of limitations entirely, stating instead that "[t]here shall be no time limit for the filing of a complaint commencing an action under this section."  18 U.S.C. § 2255(b) (2022) (the "2022 Limitation"). The 2022 Limitation is the present version of the statute.

4

**B. Parties' Arguments**

A.H. argues that she maintained a live CAVRA claim from 2012 until she filed suit in 2024, thanks to continual Congressional enlargements to CAVRA's statute of limitations period. Under her reasoning, her claim accrued sometime in September 2012, and under the first applicable CAVRA statute of limitations—the 2006 Limitation—her claim was still alive in 2013 when CAVRA was updated. Because CAVRA's statute of limitations was then changed in 2013 to allow lawsuits "within 10 years after the right of action first accrues" under the 2013 Limitation, 18 U.S.C. § 2255(b) (2013), A.H. argues that her claim remained live to some unknown date in September 2022. (ECF No. 48 at 2–3). Thus, she posits that her claim was not definitely time-barred when, on September 16, 2022, Congress updated CAVRA again and removed its statute of limitations entirely. (*Id.* at 5–6). In advancing this argument, A.H. relies on the Supreme Court's decision in *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994), and subsequent Sixth Circuit cases such as *Forest v. U.S. Postal Serv.*, 97 F.3d 137 (6th Cir. 1996), to assert that the Court must apply the statute of limitations that was in place when A.H. sued, because her suit was never definitively time-barred. A.H. also argues that *E.C.* is inapposite because it dealt with "a claim that had been extinguished as time-barred," whereas A.H.'s claim was not time-barred and had not been definitively extinguished when Congress updated CAVRA. (ECF No. 57 at 2–4).

Defendants counter that A.H.'s CAVRA claim was governed by the six-year statute of limitations under the 2006 Limitation—which was in effect when her claim accrued—and thus has already expired. (ECF No. 51 at 1–2). They rely on the Court's previous opinions in this case and in *E.C.* to suggest that A.H.'s CAVRA claim could not benefit from later changes in the statute of limitations. Defendants distinguish *Forest* as "not involv[ing] substantive questions of retroactivity," but rather "grappl[ing] with a procedural issue" on the deadline for a plaintiff to

5

seek judicial review of an administrative decision. (*Id.* at 5). They also argue that A.H. rehashes her earlier arguments opposing their motion to dismiss, failing to satisfy the high threshold for a motion for reconsideration. (*Id.* at 3).

## C. Court's Analysis

As a threshold matter, there is no question that the 2006 Limitation applied when A.H.'s claim accrued. Under the 2006 Limitation, a prospective plaintiff alleging that they were trafficked for sex as a minor would have "six years after the cause of action accrues, or three years after the plaintiff" reaches the age of majority and becomes an adult, "whichever is longer, to file suit." *Singleton v. Clash*, 951 F. Supp. 2d 578, 584 (S.D.N.Y. 2013); *accord Doe v. Schneider*, 667 F. Supp. 2d 524, 530 (E.D. Pa. 2009). A.H. alleges that she was trafficked at age 15 for at least some period of time in September 2012, (Compl. ¶¶ 45, 50), and her right to assert a claim for a violation of CAVRA would accrue until her trafficking ended. *See Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 804 (2024) ("A claim accrues when the plaintiff has the right to assert it in court."). Under the 2006 Limitation, which was the statute of limitations in effect in September 2012, A.H. had the right to sue until some point in September 2018. This calculation derives from the statute's general, six-year time window, which is at least as generous as the most A.H.-friendly interpretation of the three-year time window that would begin once she reached the age of majority.[1]

### 1. CAVRA's 2013 Changes

What, then, happened to A.H.'s accrued CAVRA claim when, in 2013, Congress changed the statutory text of CAVRA such that plaintiffs now had ten years from the time the cause of

---

[1] The most favorable interpretation of the three-year statute of limitations that would follow A.H. attaining the age of majority assumes that A.H. had just turned 15 in September 2012.

action first accrued?  This is the essence of the disagreement between the parties.  (*Compare* ECF No. 51 at 1 *with* ECF No. 57 at 1).  The Court's prior reasoning borrowed from *E.C.* and conflated *E.C.*'s reasoning regarding *untimely* claims with A.H.'s circumstances in this case.  In *E.C.*, the Court observed that "an increased statute of limitations" cannot "revive an untimely claim absent clear congressional intent to the contrary."  *E.C.*, 2024 WL 1142162, at *2.  The Court adopted that reasoning in this case without much additional discussion.  *See A.H.*, 2025 WL 2721120, at *2 (quoting *E.C.*).  But, as A.H. points out, her claim was *not* untimely when CAVRA's statute of limitations was revised to become the 2013 Limitation.  Her claim was undoubtedly live.

By its very terms, the 2013 Limitation enlarged the statute of limitations period for live CAVRA claims.  18 U.S.C. § 2255(b) (2013) (allowing for complaints "filed within 10 years after the right of action first accrues").  Because A.H.'s claim had not expired, she benefitted from this statutory change.

It is true that federal courts generally presume that statutes of limitations do not apply retroactively, unless Congress expressly states otherwise.  *See E.C.*, 2024 WL 1142162, at *2.  To determine whether a statute would apply retroactively demands an inquiry into whether the statute "attaches new legal consequences to events completed before its enactment."  *Landgraf  v. USI Film Prods.*, 511 U.S. 244, 265–70 (1994).  *Landgraf* provides a two-step test for courts evaluating the impact of federal statutes enacted after the events in the case.  One the one hand, if Congress "has expressly prescribed the statute's proper reach," the court's inquiry is done, and "there is no need to resort to judicial default rules."  *Id.* at 280.  If, on the other hand, "the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, *i.e.*, whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed."

7

*Id.* If there is no retroactive effect, then the changed statute applies. As the Sixth Circuit explained, "when a statute is addressed to remedies or procedures and does not alter substantive rights, it will be applied to pending cases." *United States v. Real Property in Section 9, Town 29 N., Range 1 W. Township of Charlton, Ostego Cnty.*, 241 F.3d 796, 799 (6th Cir. 2001).

When Congress changed CAVRA with its 2013 Limitation, it did not include an express command regarding the reach of its enlarged statute of limitations. So, the Court must determine whether there would be a retroactive effect by applying the 2013 Limitation to A.H.'s then-live claims. The Court concludes there would be no such retroactive effect. Statutes that would revive stale or expired claims raise retroactivity concerns, and courts will not apply such statutes of limitations retroactively absent clear Congressional intent to revive such claims. *See Adeshina v. Combs*, 2026 WL 787827, at *8 (S.D.N.Y. Mar. 19, 2026). Statutes that merely change procedural rules governing live claims, however, are not considered to apply retroactively. *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014) ("[A]pplying the TVPRA's extended limitations period to claims that were unexpired at the time of its enactment does not give rise to an impermissible retroactive effect under *Landgraf*."); *accord Lama v. Malik*, 192 F. Supp. 3d 313, 322–23 (E.D.N.Y. 2016) (finding no retroactivity concerns for TVPRA claims that were live when statute of limitations was amended). That is because "[a] statute of limitations does not relate to the conduct of a defendant, but instead relates to the plaintiff's conduct in filing the claim." *Forest v. U.S. Postal Serv.*, 97 F.3d 137, 140 (6th Cir. 1996).

In this case, the "application [of] the [extended] statute of limitations . . . will not increase either party's liability, will not impose any new duties or obligations on the parties, nor will it impair any rights of the parties." *Id.* (citations omitted). Thus, there is no retroactive effect because A.H.'s claim was "alive at the time the newly expanded statute of limitations was

8

enacted." *Lama*, 192 F. Supp. 3d at 321 (finding plaintiff had a live claim when TVPRA statute of limitations was enlarged); *Gilbert v. U.S. Olympic Comm.*, 423 F. Supp. 3d 1112, 1129 (D. Colo. 2019) (same). It would not impair the rights of the Defendants to apply the 2013 Limitation to A.H.'s CAVRA claim that accrued in September 2012 because when Congress enacted the 2013 Limitation and enlarged CAVRA's statute of limitations, A.H.'s claims were still very much alive. *Compare Poupore v. Helfert*, 2025 WL 3288255, at *6 (W.D. Mich. Nov. 26, 2025) ("[B]ecause Poupore's claims would have been barred by the time Congress enacted the 2022 [CAVRA] amendment, they were not revived by that amendment."); *Adeshina*, 2026 WL 787827, at *8–9 ("[I]f Plaintiff ever had a Section 2255 claim, it would have expired long ago under the original statute of limitations."). The 2013 Limitation expanded A.H.'s period to sue from the accrual of her claim, expanding what was a six-year period ending in September 2018 to a ten-year period ending in September 2022.

### 2. CAVRA's 2018 Changes

A.H. still had live claims in February 2018, when Congress next changed CAVRA's text. These changes tweaked CAVRA's statute of limitations again. Under the 2018 Limitation, the post-adulthood statute of limitations was broadened from covering a period of three years to running ten years. 28 U.S.C. § 2255(b)(2) (2018) ("Any action commenced under this section shall be barred unless the complaint is filed . . . not later than 10 years after the date on which the victim reaches 18 years of age."). A.H.'s claims were still alive in February 2018, and she also benefitted from this enlargement of the statute of limitations, which also lacks any retroactive effect. A.H. alleged that she was 15 years old in September 2012. At the oldest, she would turn 18 in September 2014. The new ten-year statute of limitations period would give her until at least September 2024 to file suit.

9

The 2018 Limitation expanded A.H.'s period to sue based on her reaching adulthood, from three years after majority (between September 2014 and September 2015) to ten years after majority (between September 2024 and September 2025).  Because she filed suit in June 2024, her suit is not time-barred.[2]

### 3.  CAVRA's 2022 Changes

Even if the 2018 Limitation somehow did not expand the statute of limitations on A.H.'s CAVRA claim, the 2022 Limitation may have done so.  The 2022 Limitation completely removed the time limit for bringing CAVRA claims.  *See* 18 U.S.C. § 2255.  Still, this change "applie[d] only to claims that 'would not have been barred . . . the day before' the amendment." *Adeshina*, 2026 WL 787827, at *8 (quoting Pub. L. No. 117-176, § 3103, 136. Stat. 2108 (2022)).  A.H. alleged that her "trafficking period end[ed] on a day not specified in [her] Complaint in September 2012." (ECF No. 48 at 2–3; *see* Compl. ¶ 50).  She argues that these allegations "should reasonably be construed in [her] favor as the last day of September," given that those allegations would have extended the life of her claim to some date in September 2022 under the 2013 Limitation.  (*Id.* at 3).

As the Court already noted, a Rule 12(b)(6) motion to dismiss "is 'generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations' unless the allegations affirmatively show a claim is time-barred," *A.H.*, 2025 WL 2721120, at *2 (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)).  Based on the allegations in A.H.'s operative complaint, there would be uncertainty as to whether her claim was time-barred by virtue of the combined operation of the 2013 Limitation that extended the life of her claim to some time in September 2022, and the 2022 Limitation that came into effect in September 2022 and thus may

---

[2] Plaintiff does not advance an argument regarding the 2018 Limitation.

10

have removed the statute of limitations entirely for her claim. Therefore, even if the 2018 Limitation had not definitively expanded the statute of limitations on A.H.'s claim, the 2022 Limitation still would provide a basis for reconsidering the Court's prior opinion, which erred as a matter of law.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff A.H.'s Motion for Reconsideration (ECF No. 40) is **GRANTED**. Upon reconsideration, Plaintiff A.H.'s CAVRA claim was not time-barred, and the Court's prior ruling (ECF No. 40) is hereby **AMENDED** to conform with this Opinion and Order.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  July 20, 2026**